Mildred DEMARIA; Dawn Ellett, individually and as executrix of the estate of John R. DeMaria, Plaintiffs–Appellants,

v.

Richard SYKORA; Denise Sykora; Wayne Leicht; Dona Leicht; Kristalle, Defendants–Appellees.

No. 00–15183.

D.C. No. CV–99–01237–GEB/GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2001.

Decided July 12, 2001.

Before SCHROEDER, Chief Judge, LAY,* and THOMPSON, Circuit Judges.

## MEMORANDUM **

This is an action pursuant to the Racketeer Influenced Corrupt Organization ("RICO") law, 18 U.S.C. §§ 1961 et seq., alleging defendants engaged in a fraudulent enterprise by first concealing from the owner of certain mining claims the gold defendants mined from those claims and then disposing of the proceeds from its sale, rather than presenting all the gold to the plaintiff for selection of the plaintiff's royalty share. The plaintiff, Mildred De-Maria, is a successor in interest of the original owner of the mine. She brought this action against the individuals who leased the mining claims and eventually purchased them (the Sykoras), as well as the dealers who distributed the gold mined from those claims (the Leichts). Plaintiff alleges that the defendants conspired to defraud her and that the scheme was materially furthered by the distribution of the

proceeds to bank accounts throughout the world by wire transfers, and by mailing of the gold itself to domestic and international buyers.

The district court dismissed the action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court concluded that the alleged RICO predicate acts of mail and wire fraud did not proximately cause the plaintiff injury, which the district court determined was caused by common-law fraud. When assessing the alleged predicate acts of mail and wire fraud that proximately caused plaintiff's injury, the district court looked only to the defendants' failure to present to the plaintiff the entire amount of gold mined from the claim. It viewed that failure, which of course did not involve any mail or wire communications, as constituting the entire injury.

Appellant correctly points out, however, that the entire scheme included marketing the concealed gold and distributing it in ways that concealed the full amount of the profits from the mine. The scheme required the use of mail and wire transactions. Plaintiff's claims, at least as alleged in the complaint, which we must at this stage accept, establish that the mail and wire fraud provided essential components of the entire scheme. This is because, without the predicate acts, the gold could not have been sold to domestic and international buyers in remote locations and the profits could not have been concealed.

This case is thus controlled in this material respect by the Supreme Court's decision in *Schmuck v. United States*, 489 U.S. 705, 707–08, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). The Court there held that a fraudulent scheme amounted to mail fraud

---

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

if it was furthered by use of the mails, even though the defendant did not use mails to make a misrepresentation. Here, the defendants did not use the mail and wire transaction to make fraudulent misrepresentations, but the entire fraudulent scheme was advanced by the use of the mail and wires. This is sufficient to satisfy the RICO standing requirement of an injury proximately caused by the alleged predicate acts. *See Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1311 (9th Cir.1992). It is the entire scheme of mail and wire fraud alleged by the plaintiff that deprived plaintiff of royalties and then lulled her into selling the mine at an artificially low price.

The judgment of the district court is reversed, and the matter remanded for further proceedings.

REVERSED AND REMANDED.